**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3034
_____

UNITED STATES OF AMERICA

v.

DEANGELO LETTERLOUGH,
*Appellant*

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:18-cr-00118)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 22, 2021
_____

Before: SMITH**, *Chief Judge*, MCKEE and RESTREPO, *Circuit Judges*

(Opinion filed: January 12, 2022)

_____

OPINION*
_____

---

*This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not
constitute binding precedent.

**Judge Smith was Chief Judge at the time this appeal was submitted. Judge Smith
completed his term as Chief Judge and assumed senior status on December 4, 2021.

McKEE, *Circuit Judge*.

DeAngelo Letterlough challenges the District Court's denial of his motion to suppress evidence seized during a traffic stop. For the reasons that follow, we will affirm the District Court.

**I.[1]**

Letterlough argues that Sergeant Meik's report directly refutes Officer McGowan's testimony because the report states that the officers pulled Letterlough over to "further the drug investigation" as they believed that he was the supplier. App. 7, 11, 70-72, 80-82; Appellant 11. Letterlough also points out that Sergeant Meik did not mention a traffic violation. Letterlough argues that if this is true, then Officer McGowan did not pull him over because of a turn signal violation. The District Court, however, properly found that Officer Meik's statement alone did not invalidate the traffic stop because he did not witness the violation. Accordingly, the court reasoned that Meik did not need to record it. Moreover, Officer McGowan's motivation for the stop is irrelevant.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a motion to suppress for clear error as to the underlying factual determinations but exercise plenary review over the District Court's application of those facts to the law. *United States v. Murray*, 821 F.3d 386, 390-91 (3d Cir. 2016).

Any technical violation of a traffic code legitimizes a traffic stop, even if the stop is merely pretext for an investigation of some other crime.[2]

Letterlough's final argument is that McGowan lacked probable cause because the police radio transmission incorrectly identified Letterlough as Mickey Roberts, whom the Harrisburg Police knew did not have a driver's license. The government, however, correctly argues that this misidentification actually supports probable cause because it gave officers additional justification to stop the car. The police knew that Roberts wasn't permitted to drive.

Since it is clear that the traffic stop was justified, the District Court correctly held that the subsequent search of the car was proper. An officer who develops reasonable articulable suspicion of criminal activity during the course of a traffic stop may expand the scope of the inquiry beyond the reason for the stop and detain the vehicle and its occupants for further investigation under the circumstances here.[3] The weapon and drug paraphernalia Letterlough seeks to suppress were properly discovered during the course of such an investigation. Accordingly, the seizure was proper, and the District Court did not err in denying Letterlough's suppression motion.

## II. CONCLUSION

---

[2] *See United States v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006) ("[O]nce a car has been legally stopped, the police may 'escalate' the encounter by visually inspecting the interior of the car, and checking credentials and asking questions of the occupants.").
[3] *United States v. Givan*, 320 F.3d 452, 458 (3d Cir. 2003).

For the reasons set forth above, we will affirm the District Court's order denying the motion to suppress.